State, ex rel. Treadwell, v. Powless, Overseer of Poor of Hoboken.

THE STATE, EX REL. MARY TREADWELL, v. PETER J. POW-
LESS, OVERSEER OF THE POOR OF HOBOKEN.

An overseer of the poor has a discretion in refusing to make complaint
under the supplement to the vagrant act (*Nix. Dig.* 1008,) to compel
a husband to provide for his family, where there is no reasonable
ground to believe, on fair inquiry by the overseer, that the application
is a proper one.

On application for *mandamus.*

Argued before Justices BEDLE, DALRIMPLE and DEPUE.

For the relator, *J. W. Vroom.*

For the overseer, *J. C. Besson.*

The opinion of the court was delivered by

BEDLE, J.   The overseer has a discretion in refusing to
make complaint, under the supplement to the vagrant act,
(*Nix. Dig.* 1008,) to compel a husband to provide for his
family, where there is no reasonable ground to believe, on
fair inquiry by the overseer, that the application is a proper
one.   In this case the facts show that his discretion was fairly
exercised, and the motion for a *mandamus* is denied.

WILLIAM HOWE v. THE TREASURER OF PLAINFIELD.

1. The 18th section of the charter of the city of Plainfield, giving to the
common council the power to prescribe, by ordinance, fines and penal-
ties for the violation of any of its ordinances, with the proviso that the
amount of fine shall in no case exceed $100, or the term of imprison-
ment twenty days, preserving the right of trial by jury if demanded
by the defendant in all cases, where the punishment prescribed may
be imprisonment or the amount of fine exceed $20, is not unconstitu-
tional.

VOL. VIII.                  K

2. The provision of the state constitution, which ordains that the right of trial by jury shall remain inviolate, is substantially the same as that upon the same subject contained in the Constitution of 1776, and neither was intended to extend the right of trial by jury to cases where it did not previously attach.

3. The case of *McGear* v. *Woodruff*, 4 *Vroom* 213, approved.

4. The same act may constitute an offence both against the state and municipal corporation, and both may punish without violation of any constitutional principle.

5. The unlawful retailing of intoxicating drinks or the keeping of tippling houses, are not included in the category of criminal offences, the punishment of which cannot, constitutionally, be delegated by the legislature to a municipality, as offences cognizable by it under the powers of police.

On *certiorari* to remove the judgment and proceedings of the city judge of the city of Plainfield, in a matter of complaint, made against William Howe, the plaintiff in *certiorari*, for a violation of one of the ordinances of said city.

Argued at February Term, 1874, before Justices BEDLE, DALRIMPLE and DEPUE.

For the plaintiff in *certiorari*, *Berry & Lupton.*

For the defendant, *W. J. Magie.*

The opinion of the court was delivered by

DALRIMPLE, J.   The questions involved in this case are identical with those in the cases of Blatz, Smith, Flanagan, Sullivan and Herold, respectively, against the same defendant.

The cases were argued together, and the decision of one will dispose of all.

The *certiorari* brings up the judgment and proceedings of the city judge of Plainfield, in a matter of complaint made against the defendant, for violation of the ordinances of said city, whereby it is in substance declared that no person shall in any manner sell or dispose of spirituous or fermented liquors within the city limits, unless licensed to do so by the

common council. The penalty annexed to a violation of the ordinance is, for the first offence, a fine of $20, and for each subsequent offence, imprisonment in the county jail for the period of ten days. Trial by jury is allowed only when the punishment is imprisonment, or the amount of the fine exceeds $20.

By the charter of Plainfield (*Laws of* 1872, *p* 1145,) it is enacted that the common council shall have the exclusive right and power to regulate or prohibit the sale of spirituous and fermented liquors within said city, as they deem most conducive to the public good, and that no person shall in any manner sell or dispose of spirituous or fermented liquors, unless licensed to do so by the common council. By the 18th section of the charter power is given the common council to prescribe, by ordinance, fines and penalties for the violation of any of its ordinances, with the proviso that the amount of fine shall in no case exceed $100, or the term of imprisonment twenty days, preserving the right of trial by jury, if demanded by the defendant, in all cases where the punishment prescribed may be imprisonment, or the amount of the fine exceed $20.

The defendant on the trial below, though but one penalty of $20 was demanded and recovered, claimed a right of trial by jury, which was refused, and this is alleged for error.

The ordinances being strictly within the terms of the city charter, if we reverse the judgment below on the ground stated, we must necessarily hold that the charter, in the particular under consideration, is void. This we are asked to do, because, as alleged, it is in violation of that provision of our state constitution, which ordains that the right of trial by jury shall remain inviolate. It was held in the case of *McGear* v. *Woodruff*, 4 *Vroom* 213, that the constitutional provision above referred to was substantially the same as that upon the same subject contained in the Constitution of 1776, and that neither was intended to extend the right of trial by jury to cases to which it did not previously attach. In that case, as well as in the case of *Byers et al.* v. *The Common-*

*wealth*, 42 *Pa. State R.* 89, it is clearly shown that prior to 1776, the legality of convictions before magistrates for petty offences and for violations of police regulations without trial by jury, was unquestioned. In the latter case, Justice Strong, delivering the opinion of the court, says : " It is the old right, whatever it was, that we previously enjoyed that must remain inviolate alike in its mode. of enjoyment and in its extent. What, then, was this right thus cherished and thus perpetuated ? We inquire not now after the mode in which such trial was conducted. Our business at present is to ascertain how far the right to a trial by jury extended—to what controversies it was applicable. It was a right—the title to which was founded upon usage—and its measure is therefore to be sought in the usage which prevailed at the time when it was asserted. But never in England was there any usage, and, consequently, was there any right in the subject that every litigated question of fact should be submitted to a jury. In all that large class of cases which are cognizable in courts of equity, there never was any right of trial by jury, nor did the right extend to many other civil and criminal proceedings. Summary convictions for petty offences against statutes were always sustained, and they were never suffered to be in conflict with the common law right to a trial by jury. The ancient, as well as the modern British statutes at large, are full of acts of Parliament authorizing such convictions, without referring to those which have been passed against nonattendance upon public worship of the established church, against refusal.to take oaths of allegiance, against profaneness and embezzlement, all of which provided for conviction and punishment of offenders without the intervention of a jury, it may suffice to notice the vagrant acts and the proceedings under them." The charter of Bridgeton, which was under consideration in the case of McGear *v.* Woodruff, authorized the common council to provide for the enforcement of its ordinances by imprisonment not exceeding seven days, or a fine not exceeding $20, and made the offence cognizable before a justice of the peace or mayor of the city ; and the authority

Howe v. Treasurer of Plainfield.

thus conferred, was held to be within the constitutional power of the legislature. I cannot distinguish that case, in principle, from the present, unless it may be upon the ground urged, that the case before us is one of conviction for an offence of selling intoxicating drinks by less measure than one quart without license, for that purpose first had and obtained, which is an offence indictable by general state law, and not, as in the case of McGear v. Woodruff, for violation of a city ordinance, by doing an act not indictable by the state law. I do not think that this feature of the case now under consideration, takes it without the principle adjudicated in the case of McGear v. Woodruff. I am aware that there is a want of harmony in the laws relating to the power of the legislature to delegate to a municipality the right to punish by-law, as an offence against the laws of the municipality, an act which, by the law of the state, is a crime or misdemeanor. It is argued, with some force, that such punishment is in violation not only of the constitutional guaranty of trial by jury, but of those other provisions of the constitution which ordain that no person shall be held to answer for a criminal offence, unless on the presentment or indictment of a grand jury; and that, in all criminal prosecutions, the accused shall have the right to a speedy and public trial by an impartial jury. It could serve no useful purpose to refer to and comment on the many adjudged cases in which the question now presented to us is discussed. Judge Cooley, in his *Treatise on Constitutional Limitations, p.* 199, advances the doctrine that the same act may constitute an offence, both against the state and the municipal corporation, and that both may punish without violation of any constitutional principle; and I think he is abundantly supported, in principle as well as authority. If this be so, the arguments urged in behalf of the position taken by counsel of defendant, lose their force. I do not think the test, as Judge Dillon, in his work on *Municipal Corporations,* § 361, inclines to hold, is whether the act prohibited by ordinance is embraced in and made indictable by the criminal code of the state, but rather whether it may not be an act not

only against the peace and dignity of the state, but also subversive of, or dangerous to the peace, good order, safety or health of the municipality. If the prohibited act may have this double aspect and prove injurious in its consequences to both jurisdictions, I do not see why it may not be prohibited and punished as well by municipal ordinance as by state law. The offence against the municipality is a different one from that against the state, though both offences proceed from the same act. In the case of *Moore* v. *The People of Illinois*, 14 *How.* 13, it was held that the same act may be an offence against a state and against the United States. In that case it appears that one Eels was indicted and convicted under the statute of Illinois, for unlawfully secreting a certain negro slave, owing service to a citizen of the state of Missouri. A writ of error was brought to the Supreme Court of the United States and the legality of the conviction questioned, on the ground that the statute of Illinois was void, because it subjected the offender to a double punishment for a single offence. The argument urged was, that inasmuch as the act for which the defendant stood indicted in the state court was one for which he was punishable by act of Congress, if proceedings under both statutes were allowed to stand, double punishment would be inflicted. The court denied both the fact assumed in the proposition and the inference sought to be drawn from it. Justice Grier, delivering the opinion of the court, says: "But admitting that the plaintiff in error may be liable to an action under the act of Congress for the same act of harboring and preventing the owner from retaking his slave, it does not follow that he would be twice punished for the same offence. An offence, in its legal signification, means the transgression of a law. A man may be compelled to make reparation in damages to the injured party, and be liable also to punishment for a breach of the public peace in consequence of the same act; and may be said, in common parlance, to be twice punished for the same offence. Every citizen of the United States is also a citizen of a state or territory. He may be said to owe allegiance to two sovereigns,

and may be liable to punishment for an infraction of the laws of either. The same act may be an offence or transgression of the laws of both." These views of the learned judge, so clearly expressed, seem to me to embrace and settle the whole subject matter under consideration.

The defendant in the case before us, has been summarily prosecuted and convicted, not for a criminal offence against the state, but for an offence committed against the city, in violation of its internal police regulations. The same legal principles adjudicated in the case of McGear *v.* Woodruff, and Byers *v.* The Commonwealth, above referred to, underlie and sustain the judgment under review. There are undoubtedly many criminal offences, the prohibition and punishment of which, cannot constitutionally be delegated by the legislature to a municipality as offences cognizable by it under the powers of police, but I do not think the retailing of intoxicating drinks, or the keeping of tippling houses, is included within that category. The defendant below, was not entitled to a trial by jury.

Another reason assigned for reversal is, that by the first section of the act of April 1st, 1873, (*Laws*, 1873, *p.* 482,) all ordinances of the city of Plainfield previously passed were abrogated. The judgment brought up by this *certiorari* is founded on ordinances passed in 1872. The first section of the act of 1873, enacts that for the violation of any of the ordinances of said city, there may be imposed a fine not exceeding $100, or imprisonment not exceeding sixty days, or either, as the court having jurisdiction may decide, and whenever an imposed fine is $20 or under, there shall not be granted a trial by jury. A subsequent section of the same act, repeals all laws inconsistent with its provisions. The contention is, that this act makes it the duty of the court before which a prosecution is instituted for a violation of a city ordinance, to fix within the prescribed limits, the punishment to be inflicted. This is not the proper construction of the act. It simply enlarges the power of the common council and makes it lawful for it to impose, by way of punishment, a

longer term of imprisonment than it had then the power to do, and to commit to the court having jurisdiction of the offence, a discretionary power to impose the fine, or sentence to the imprisonment prescribed by ordinance. The common council is by ordinance to fix and limit the punishment and not the court, except the ordinance as it may do, gives the court discretion to punish by imposing the prescribed fine or imprisonment. The ordinance is in no wise in conflict with the act of 1873, and is in no respect affected by it.

The judgment below must be affirmed, with costs.

Justices BEDLE and DEPUE concurred