CITY OF ORANGE, RESPONDENT, v. RICHARD CECERE, PROSECUTOR.

CITY OF ORANGE, RESPONDENT, v. ALFONSO PICONE, PROSECUTOR.

Argued October 3, 1944—Decided October 24, 1944.

Before Justices CASE, BODINE and PORTER.

For the prosecutors, *Michael N. Steinberg* and *Ralph N. Solodar*.

For respondent, *Edmond J. Dwyer*.

The opinion of the court was delivered by

BODINE, J.   Prosecutor, Richard Cecere, was on April 20th, 1944, found guilty by a police justice of the City of Orange on four complaints charging him with violations of section 8A of an ordinance entitled, "An Ordinance to Regulate the Sale and Distribution of Alcoholic Beverages and Fixing a Penalty for Violation of the Provisions Thereof," passed July 7th, 1936, as amended and supplemented.

The prosecutor, Alfonso Picone, was on the same date found guilty on four complaints charging him with violations of the same ordinance.

The prosecutors were sentenced to serve terms of imprisonment. The writs of *certiorari* allowed bring up for review both the convictions and the ordinance upon which they were based.

It is contended that the ordinance, under which the convictions were had, was void. The ordinance, including section 8A thereof, it is claimed, was not approved by the Commissioner of Alcoholic Beverage Control prior to enactment.

The ordinance, as indicated, was adopted pursuant to *R. S.* 33 :1–40, the pertinent provisions of which are as follows: "* * * The governing board or body of each municipality may, as regards said municipality, by ordinance or resolution * * *, and, subject to the approval of the Commissioner first obtained, regulate the conduct of any business licensed to sell alcoholic beverages at retail and the nature and condition of the premises upon which any such business is to be conducted."

Before the ordinance was adopted, it was sent to the Commissioner of Alcoholic Beverage Control. He suggested certain changes which were made before introduction and adoption of the ordinance. In the Commissioner's letter of transmittal, he said, subject to the suggested changes, "the ordinance, upon final adoption will be approved as submitted." To argue that the statute was not complied with is to defeat its clear meaning. There was a full approval if the suggested changes were made. They were made. The ordinance was then introduced and adopted. Certainly, there was a compliance with the command of the legislature.

The statute does not say how the approval shall be manifested and it seems too fine a distinction to overlook the promise to approve the ordinance in the form adopted and to void the ordinance, in operation for nearly eight years, because the approval was in a way which seems informal to counsel but which was, in fact, perfectly definite and clear. The case is obviously different from *Eveler* v. *Atlantic City*, 91 *N. J. L.* 135, where there was no approval whatever of the ordinance in question by the Commissioner of Motor Vehicles.

The section of the ordinance in question, section 8A, prohibits the sale of alcoholic beverages to persons under the

age of twenty-one years. It is said that this provision is repugnant to *R. S.* 33:1–77, which denounces as a misdemeanor the sale of alcoholic beverages to a minor and provides certain defenses to the charge. But it seems that the City of Orange has power to regulate the sale of alcoholic beverages notwithstanding. *Howe* v. *Plainfield,* 37 *N. J. L.* 145; *Hunter* v. *Teaneck Township,* 128 *Id.* 164.

The record abundantly supports the convictions. Nothing more need be said.

The writs will be dismissed, with costs.