40 N.J. Super. 405 (1956)
123 A.2d 237
STATE OF NEW JERSEY, PLAINTIFF,
v.
CHARLES C. WILLHITE, DEFENDANT.
Superior Court of New Jersey, Somerset County Court and Morris County Court, Law Division.
Decided June 5, 1956.
*407 Mr. Robert O. Brokaw, Assistant Prosecutor of Somerset County, for the State of New Jersey (Mr. John D. Collins, Prosecutor of Morris County, attorney).
Mr. Edward F. Broderick, Mr. Robert P. Hanley for defendant (Mr. Edward F. Broderick, attorney).
HALPERN, J.C.C.
As the result of an offense that occurred on December 31, 1955, the defendant on February 1, 1956 was charged with and convicted of speeding under N.J.S.A. 39:4-98 and of reckless driving under N.J.S.A. 39:4-96, by the municipal magistrate of the Borough of Bernardsville, Somerset County, New Jersey. On February 7, 1956 he was charged with and convicted of reckless driving under N.J.S.A. 39:4-96 by the municipal magistrate of the Township of Harding, in Morris County. On February 27, 1956, he was charged with and convicted of reckless driving under N.J.S.A. 39:4-96 by the municipal magistrate of the Township of Bernards, in Somerset County. The defendant was fined $35 plus $4 costs for speeding, and $40 plus $4 costs for reckless driving, in the Borough of Bernardsville. He was fined $100 plus $5 costs, his driver's license revoked for one year and given a ten-day jail sentence for reckless driving in Harding Township. He was fined $50 plus $5 costs for reckless driving in Bernards Township, and his license was revoked for one year, the revocation to run concurrently with the revocation imposed by the sentence in Harding Township.
*408 The defendant, pursuant to N.J.S.A. 39:5-11 and R.R. 3:10-2, appealed the aforesaid convictions to the Somerset and Morris County Courts and all the charges were tried de novo. By order of the Chief Justice dated April 30, 1956, I was assigned to the Morris County Court to determine the appeal there pending so that all the appeals could be disposed of by one judge.
After hearing and considering the testimony in connection with all of the charges, I have arrived at the following factual conclusions: In the early morning hours of December 31, 1955 the defendant, accompanied by a young lady, was driving his automobile in a northeasterly direction along State Highway Route No. 202 through the Borough of Bernardsville. State Highway Route No. 202 is the main street of said borough, and after leaving Bernardsville it runs through Bernards Township, in Somerset County, and Harding Township, in Morris County, and ultimately to Morristown. Defendant drove his car through Bernardsville at a speed between 55 and 65 miles per hour, and at one point near the center of the borough where a traffic circle is located he crossed over the dividing line in attempting to negotiate the circle. Officers Maddaluna and Lucas of the Bernardsville Police Department were in pursuit of the defendant through the borough but were unable to apprehend him until he had driven through Bernards Township and a portion of Harding Township. The entire chase was over a distance of approximately five or six miles and occurred within a matter of a few minutes. The speed of the defendant's car during the course of the chase got up as high as 65 miles per hour in the Borough of Bernardsville and 90 miles per hour through Bernards and Harding Townships, although the speed zones through which he passed were 30 and 40 miles per hour in Bernardsville, and 50 miles per hour in portions of Bernards and Harding Townships. The only other incident worthy of mention that occurred during the course of this chase occurred somewhere in Bernards Township when the defendant pulled his car from one side of the road to the other because he felt the car behind him *409 was too close and he tried to warn it to stay further back. He did not know that the car behind him was a police car despite the fact that the rotating red light and the siren on the police car were in operation.
The first question to be decided is whether under the existing facts the defendant can be convicted in the Borough of Bernardsville for speeding and reckless driving. N.J.S.A. 39:4-98 specifically sets forth the lawful rates of speed that a car can be driven in certain designated areas. This statute is expressly made subject to the provision of section 39:4-96 which deals with reckless driving and section 39:4-97 which deals with careless driving. N.J.S.A. 39:4-96 while it appears under Article 12 entitled "SPEED," provides inter alia:
"A person who drives a vehicle on a highway heedlessly, in willful or wanton disregard of the rights or safety of others, in a manner so as to endanger, or be likely to endanger, a person or property, shall be guilty of reckless driving * * *."
It is quite obvious that mere excessive speed is sufficient for a conviction under N.J.S.A. 39:4-98, while under N.J.S.A. 39:4-96 one can be guilty of reckless driving even though he does not exceed the speed limits. However, I am of the opinion that one who drives his car at a high rate of speed, through the main business area of a community, as was done in the instant case, is guilty of reckless driving. I am of the further opinion that the defendant's speeding was such an integral part of the reckless driving charge that it merged in the greater charge of reckless driving, with the result that he can only be convicted and sentenced for reckless driving. State v. Cooper, 13 N.J.L. 361 (Sup. Ct. 1833); State v. Mowser, 92 N.J.L. 474 (E. & A. 1919); State v. Cosgrove, 103 N.J.L. 412 (E. & A. 1926); State v. Greely, 30 N.J. Super. 180 (Law Div. 1954), affirmed 31 N.J. Super. 542 (App. Div. 1954).
The manner in which the defendant raced through the main street of Bernardsville and swerved his car at the circle makes him guilty of reckless driving within the meaning of N.J.S.A. 39:4-96.
*410 The next question to be determined is whether the defendant, under the existing facts, can be charged with and convicted of reckless driving in the Townships of Bernards and Harding. I point out in the beginning that the defendant is charged by said townships with violating N.J.S.A. 39:4-96, a state statute. R.R. 8:6 provides that:
"Except as otherwise provided by law, the prosecution for an offense shall be had in the jurisdiction in which the offense was committed."
The rule merely establishes the venue for the trial of the cause but does not create a cause of action for offenses in each municipality in which the violation allegedly occurred. That the contrary is true is evidenced by N.J.S.A. 39:5-3 which provides:
"* * * All proceedings shall be brought before a magistrate having jurisdiction in the municipality in which it is alleged that the violation occurred but when a violation occurs on a street through which the boundary line of two or more municipalities runs or crosses, then the proceeding may be brought before the magistrate having jurisdiction in any one of the municipalities divided by said boundary line, * * *."
The reckless driving charges made against this defendant are for violating a state statute and not any particular municipal ordinance. The statute denounces the act of reckless driving as an offense against the State and not against the territorial jurisdiction in which it was committed. As previously stated, the only role of the municipality, under the cited rule and statute, is for the determination of venue. The crossing of municipal or county lines of itself, creates no new offense and to hold that it does would make multiple offenses out of a single offense. 8 R.C.L. 100.
Except for the one act of swerving in Bernards Township, which of itself I do not find to be reckless driving, his driving was a continuous and uninterrupted act on the part of this defendant. When an impulse is single, but one offense can be charged, no matter how long the act may continue. Stating it in a different way, a continuing crime *411 or violation is a continuous unlawful act or series of acts set on foot by a single impulse and operated by an unintermittent force, however long a time it may occupy. The test is whether the individual act or acts is prohibited or the course of action which they constitute. If it is, the course of action which is prohibited there can be but one offense and one penalty. Blockburger v. United States, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932); United States v. Midstate Horticultural Co., 306 U.S. 161, 59 S.Ct. 412, 83 L.Ed. 563 (1939); 8 Blashfield, Cyclopedia of Automobile Law and Practice, p. 527.
To point up the problem, let us suppose a driver who is intoxicated drives his car continuously and without interruption on the New Jersey Turnpike from a point near the George Washington Bridge until he is apprehended on the New Jersey side of the Delaware River by police who have chased him through 30 municipalities. Does this mean that he can be charged and convicted of drunken driving in each municipality through which he drove? The answer seems quite obvious that he can only be charged and convicted for drunken driving in but one of the municipalities through which he drove.
On what legal theory can we say that this defendant, having been convicted of reckless driving in Bernardsville, can also be charged with reckless driving in Bernards Township and Harding Township, having in mind what has just been said concerning the fact that there was but one continuous offense which remained substantially constant throughout the chase? I know of none, unless the facts had been such that it could be said that the continuity of the offense had been interrupted or broken, or if an unconnected act violated another section of the Motor Vehicle Act so as to give rise to another violation. In instances where you have a continuous offense in several municipalities, it would seem advisable for the arresting officer, in charging the defendant with the violation, to describe the offense as having occurred in the several municipalities. If such is done, the municipal magistrate could consider the entire incident in determining *412 the defendant's guilt or innocence of the charge against him even though it occurred in several municipalities. Cf. N.J.S.A. 39:5-3.
The conviction for reckless driving in Bernardsville is res judicata as to the charges in Bernards and Harding Townships, and any attempt to prosecute the defendant in said townships would be placing him in double jeopardy. There has been some suggestion by the State that the doctrine of double jeopardy is applicable only to crimes and not to motor vehicle violations. I cannot agree, because violations under the Motor Vehicle Act are not only quasi-criminal in nature, but our courts have surrounded a defendant with many of the safeguards given to defendants under indictment. State v. Kincaid, 9 N.J. Misc. 1194 (Com. Pl. Ct. 1931); State v. Matchok, 14 N.J. Super. 359 (App. Div. 1951); State v. McCarthy, 30 N.J. Super. 6 (App. Div. 1954); City of Absecon v. Vettese, 13 N.J. 581 (1953); 1 Schlosser, Criminal Laws of New Jersey, par. 8. But even if the doctrine of double jeopardy is not applicable, the doctrine of res judicata would lead to the same result. State v. Labato, 7 N.J. 137 (1951); State v. Kincaid, supra.
Neither the prosecutors nor counsel for the defendant have been able to furnish me with any case in point which would be dispositive of the legal issues here involved. The only cases in other jurisdictions which bear on this problem and which support these conclusions may be found in State of Ohio v. Shimman, 122 Ohio St. 522, 172 N.E. 367, 73 A.L.R. 1502 (Sup. Ct. 1930), and State v. Licari, 132 Conn. 220, 43 A.2d 450 (Sup. Ct. Err. 1945). In the Shimman case the court held that an individual who illegally transported intoxicating liquor through several counties of the State of Ohio could only be found guilty and punished for one violation. In the Licari case the defendant who drove his car while intoxicated through the cities of New Haven and Woodbridge, in one continuous act of driving, could only be tried and found guilty in one of the municipalities. The defense of double jeopardy as to a second charge was upheld.
*413 The case at bar must be distinguished from cases wherein a single act gives rise to two or more separate offenses. In State v. Cioffe, 128 N.J.L. 342 (Sup. Ct. 1942), a plea of double jeopardy was struck down in a case where the defendant was charged with robbery of a national bank under a state statute and robbery of the same bank under a federal statute. Nor is it double jeopardy to charge a defendant with selling intoxicating liquor without a license in violation of a state statute even though he has already been convicted under a similar municipal ordinance. State v. Reid, 19 N.J. Super. 32 (Cty Ct. 1952). Likewise, this case is distinguishable from situations where one act gives rise to a crime against several persons. This was the situation in State v. Hoag, 35 N.J. Super. 555 (App. Div. 1955), affirmed 21 N.J. 496 (May 14, 1956). Double jeopardy is a protection against prosecution twice for the same offense, but it is not a protection from multiple prosecutions when an act gives rise to more than one offense.
I therefore find the defendant guilty of reckless driving in the Borough of Bernardsville, and fine him the sum of $150, plus $5 costs, and revoke his license for a period of six months, giving him credit however for the time during which his license has been revoked. I reverse his conviction for speeding, find him not guilty thereof, and direct that the fine there imposed and paid be returned to him.
I reverse the convictions of this defendant in the Townships of Bernards and Harding and find him not guilty of the charges made against him in said townships, and direct that the fines there imposed and paid be returned to him.
Let appropriate judgments be presented in accordance with this opinion.