67 N.J. Super. 377 (1961)
170 A.2d 476
STATE OF NEW JERSEY, PLAINTIFF-APPELLANT,
v.
DAVID FRANCIS, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued May 1, 1961.
Decided May 5, 1961.
*379 Before Judges GOLDMANN, FOLEY and LEWIS.
Mr. Robert S. Miller, Deputy Attorney General, argued the cause for appellant (Mr. David D. Furman, Attorney General, attorney; Mr. Stephen F. Lichtenstein, Deputy Attorney General, of counsel; Mr. Matthew T. Rinaldo, Legal Assistant, on the brief).
No appearance for respondent.
The opinion of the court was delivered PER CURIAM.
The State appeals under R.R. 3:5-5(b)(7) from an Atlantic County Court order dismissing its amended complaint on the ground of double jeopardy. Defendant had appealed to that court from a conviction in Egg Harbor Township Municipal Court for failing to obey stop signs, in violation of N.J.S.A. 39:4-144. No testimony was taken or record of proceedings made in the County Court; the facts were stipulated and the order reversing the conviction and dismissing the amended complaint entered on defendant's motion.
The case is before us on a statement of evidence and proceedings prepared and approved pursuant to R.R. 1:6-3 *380 and 2:6. The statement shows that early on the morning of November 22, 1959 defendant drove his automobile at an excessive rate of speed through the municipalities of Northfield, Linwood and Egg Harbor Township. Local police pursued him through the first two places. The ride ended in an accident in Egg Harbor Township. The Northfield police officer issued a summons for reckless driving, in violation of N.J.S.A. 39:4-96. Defendant was also charged by a state trooper with reckless driving through Egg Harbor Township.
The Northfield Municipal Court found defendant guilty of reckless driving, imposed a fine of $50 and costs, and revoked his driver's license for two years. A few weeks later defendant appeared before the Egg Harbor Township Municipal Court which dismissed the reckless driving charge lodged with it on the ground of double jeopardy. However, the testimony showed that defendant had gone through two stop signs in the township without stopping. The complaint was therefore amended, defendant found guilty of the stop sign violation, and a fine of $25 and costs imposed. The appeal to the Atlantic County Court followed. In dismissing the amended complaint on the ground of double jeopardy the county judge held that "the actions of the defendant were of a continuous nature and the conviction of reckless driving in Northfield encompassed the stop sign violations in Egg Harbor Township."
The question of whether or not the defense of double jeopardy is available to a defendant in prosecutions under the Motor Vehicle Act has not conclusively been decided. In State v. Williams, 21 N.J. Misc. 329 (1943), a recorder's court case, defendant pleaded guilty to operating a motor vehicle without a license (N.J.S.A. 39:3-10). He was then charged with operating the car after his license had been revoked (N.J.S.A. 39:3-40). Both offenses arose out of the same operation. The recorder held that the double jeopardy doctrine did not apply; it was available only in criminal prosecutions, and violations of the Motor Vehicle *381 Law did not fall into that category. Nevertheless, the recorder considered the plea and held that double jeopardy could not be invoked since the Legislature had provided for two separate and distinct offenses.
The question was again discussed in State v. Willhite, 40 N.J. Super. 405 (Cty. Ct. 1956). As here, defendant drove recklessly in a single continuous journey through three municipalities. He was charged with reckless driving and successively convicted in the municipal court of each place. On appeal the County Court held that any attempt to prosecute defendant in the second and third municipalities would be to place him in double jeopardy. The judge found himself in disagreement with the suggestion made by the State that the double jeopardy doctrine is applicable only to crimes and not motor vehicle violations, noting that the latter were quasi-criminal in nature. He went on to say, however, that even if the doctrine of double jeopardy were not applicable, "the doctrine of res judicata would lead to the same result."
Proceedings under the reckless driving section of the Motor Vehicle Act, N.J.S.A. 39:4-96, are quasi-criminal in nature. The basic rights of a defendant so charged are entitled to the same protection as are normally accorded one accused of a criminal offense. State v. McCarthy, 30 N.J. Super. 6, 9 (App. Div. 1954); State v. Hulsizer, 42 N.J. Super. 224, 228 (App. Div. 1956), both drunken driving cases under N.J.S.A. 39:4-50. And see State v. Kincaid, 9 N.J. Misc. 1194 (C.P. 1931); State v. Henry, 56 N.J. Super. 1, 10 (App. Div. 1959). We hold that the plea of double jeopardy is, in a proper factual setting available to a defendant charged with multiple offenses under the Motor Vehicle Act. See 172 A.L.R. 1053 (1948), supplementing the annotation in 44 A.L.R. 564 (1926).
Our courts have in a number of cases adopted the test of double jeopardy set forth in State v. Labato, 7 N.J. 137, 144-146 (1951):
*382 "* * * The true test of former jeopardy would seem to be whether the evidence necessary to sustain the second indictment would have been sufficient to secure a legal conviction on the first. * * *
Where `the fact prosecuted' is the same in both prosecutions, though the offense differ `in coloring and degree' there is prior jeopardy. * * * It is the evidence, not the theory of the pleader, that determines the issue. * * *"
Manifestly, evidence necessary to sustain a conviction of passing through the two stop signs in Egg Harbor Township without stopping, would not be the same as that required to support a charge of reckless driving in Northfield. The "fact prosecuted" is not the same. Reckless driving requires evidence of driving a vehicle on a highway "heedlessly, in willful or wanton disregard of the rights or safety of others, in a manner so as to endanger, or to be likely to endanger, a person or property." N.J.S.A. 39:4-96. On the other hand, a violation of the stop sign provision, N.J.S.A. 39:4-144, requires only that a driver of a vehicle who enters upon an intersection with a "stop sign" shall first bring his vehicle to a complete stop at a point within five feet of the crosswalk or stop line marked upon the pavement of the intersecting street, and shall proceed only after yielding the right-of-way to all traffic on the intersecting street which is so close as to constitute an immediate hazard. Clearly, conviction of passing through a stop sign does not require proof of the elements of heedlessness and willful or wanton disregard for the rights or safety of others. The mere act of driving through a stop sign does not necessarily support a charge of reckless driving.
Defendant cannot, therefore, here claim that there was an identity of offenses or that the "same evidence" test of double jeopardy is available to him.
In addition to the "same evidence" test, our courts have on occasion adopted another approach, known as the "same transaction" test, which broadly suggests that the plea of double jeopardy may be sustained where the charged offenses are part of the same criminal transaction. State v. *383 Roller, 29 N.J. 339, 345 (1959). However, the same physical act or acts did not give rise to both the reckless driving charge and the charge of passing through stop signs. Defendant's passing through the two stop signs in Egg Harbor Township was an act quite distinct from his reckless driving within the municipal confines of Northfield. Consequently, the "same transaction" test cannot successfully be invoked in defendant's behalf here.
The County Court judge's reliance on State v. Willhite, above, 40 N.J. Super. 405, in dismissing the amended complaint on the ground of double jeopardy was misplaced. That case is clearly distinguishable on its facts. All the prosecutions there were for reckless driving in three different municipalities. The court held that the defendant's act was continuous and uninterrupted, and that he could be charged only once with reckless driving. In other words, the court in Willhite overlooked the municipal boundaries, and rightly so, since the offense was against the State. An analogous situation would be one in which a defendant was charged with reckless driving on Block A of a main thoroughfare and then for reckless driving on Block B, although both charges were the result of a continued and uninterrupted activity. The State could not split a prosecution for reckless driving into various blocks or segments of a highway. Likewise, where the act is continued and uninterrupted, the State could not split the prosecution on the basis of municipality boundaries.
When defendant moved in the Egg Harbor Township Municipal Court for dismissal of the reckless driving charge lodged against him there, it was unquestionably on the ground that he had already been tried on such a charge in Northfield and the act of driving recklessly was continuous and unbroken all the way into Egg Harbor Township  the Willhite doctrine. The motion was properly granted. The evidence that was then taken and which established that defendant had driven through two stop signs did not place *384 him in double jeopardy, because this was not involved in the Northfield reckless driving charge.
Any claim that it was improper to substitute the stop sign offense for the reckless driving charge  and we consider this action taken by the municipal magistrate proper  was waived when defendant appealed to the County Court. R.R. 3:10-10(b).
We conclude that it was error for the County Court to dismiss the stop sign complaint on the ground of double jeopardy. Reversed.