STATE OF NEW JERSEY, PLAINTIFF, v. SIDNEY W. BOOK-
BINDER, DEFENDANT.

Middlesex County Court

Decided October 4, 1962.

444

*Mr. Paul G. Levy,* Deputy Attorney General, argued the cause for plaintiff (*Mr. Arthur J. Sills,* Attorney General, attorney).

*Mr. Warren W. Wilentz* argued the cause for defendant (*Messrs. Wilentz, Goldman, Spitzer & Sills,* attorneys).

MOLINEUX, J. C. C.   This is an appeal from the Municipal Court of the Borough of Carteret of a conviction for speeding on the New Jersey Turnpike at the rate of 70 miles per hour in a 60-mile zone.   No record of the proceedings below having been taken, the witnesses were heard on the trial *de novo.*

The court below imposed a fine of $10 and $5 court costs and also revoked defendant's driving privileges in the State of New Jersey for a period of 30 days.

The charge set forth in the complaint is that of speeding at 70 m.p.h. in a 60-mile zone on the New Jersey Turnpike

in violation of "*R. S.* 27:23–29.2." Technically, there is no such statute, and the ".2" apparently refers to a regulation of the Turnpike Authority. It may well have been that the charge should have been a violation of the provisions of *N. J. S. A.* 27:23–27, governing speed on the New Jersey Turnpike, as distinguished from *N. J. S. A.* 27:23–29. As this issue has not been raised by the defendant, it will be assumed that the complaint is proper in form. Undoubtedly, if such issue had been raised, an amendment could have immediately been made, thus disposing of the matter.

While it thus appears that speeding on the Turnpike constitutes a violation of the provisions of *Title* 27, rather than a violation of the provisions of *Title* 39, nevertheless good practice requires, as was done in this case, that the complaint contain a specific allegation of the speed at which the defendant is alleged to have been driving and the speed which shall be *prima facie* lawful at the time and place of the alleged violation. See the requirements of *N. J. S. A.* 39:4–99.

■ Notwithstanding the provisions of *N. J. S. A.* 39:4–99, it is conceived that the essence of the offense is driving at a speed in excess of the speed fixed by law and by the regulations of the Turnpike Authority. Evidence of driving beyond that speed would be sufficient to convict. Thus. in the instant case, evidence of driving at 70 m.p.h. is not required for conviction, it being sufficient to show that the defendant drove at a rate in excess of 60 m.p.h.

■ The provisions of *N. J. S. A.* 27:23–32 incorporate by reference the penalty provisions of *Title* 39. Such penalties include revocation of license for willful violation, such revocation being within the discretion of the court. See *N. J. S. A.* 39:5–31. The precise speed at which the defendant was in fact driving, presuming it to be in excess of the fixed limit, becomes material therefore only on the question as to the penalty to be imposed (and then only as a factor to be considered by the court in exercising its discretion). It is not material on the question of guilt or innocence.

At the trial the defendant, through his counsel, freely admitted that he was driving in excess of 60 m.p.h. at the time he was apprehended. The gravamen of the "defense" was that the State had failed to prove beyond a reasonable doubt that he was driving at 70 m.p.h., arguing that under the proofs one might well have found that he was travelling at only 68 or 69 m.p.h. Obviously, from what has been said heretofore, whether the defendant was driving at 68, 69 or 70 m.p.h. is immaterial insofar as guilt or innocence is concerned.

The defendant is found beyond a reasonable doubt to have driven his automobile in excess of the permitted limit on the Turnpike and is therefore found guilty.

There remains the question as to what sentence should be imposed. Should this court, in the exercise of its discretion, revoke the defendant's license?

In addition to the right of the trial court to revoke a license, there is vested in the Director of the Division of Motor Vehicles a right to exercise discretion in the revocation of licenses for any violation of any provision of *Title* 39. Such right of the Director is in addition to the power of the court to revoke, and is exercisable by the Director notwithstanding that the court, in the exercise of its discretion, may have declined to revoke a license. See *N. J. S. A.* 39:5–30, 39:5–30.1, and 39:5–31.

The court takes judicial notice of the Director's fixed policy that he will revoke licenses in cases where the evidence below shows that the speed was 10 m.p.h. or more in excess of the fixed limit.

Notwithstanding what has heretofore been said to the effect that the essence of the charge is speeding in excess of the fixed limit, the court believes that cooperation with the Director requires a factual finding by the court as to the number of miles per hour the defendant was speeding in excess of the fixed limit, so that the Director may have the factual background necessary to determine how his discretion shall be exercised.

■ The question posed then is whether or not the court's factual finding as to the number of miles per hour in excess of the fixed limit should be based upon a preponderance of the evidence or upon proof beyond a reasonable doubt. Notwithstanding the conclusion heretofore reached on this point, it is interesting that both the State, through the Attorney General's office, and the defendant argue that proof of the 10 m.p.h. in excess of the fixed limit should be beyond a reasonable doubt. In view of what has already been said, the court is of the opinion that as the number of miles per hour in excess of the fixed limit is not an element of the crime, but goes only to punishment, such finding may be by preponderance of the evidence as distinguished from a finding of speeding beyond the fixed limit.

■ As to the number of miles per hour in excess of the speed limit, the court finds by a preponderance of the evidence that the defendant was speeding at the rate of 70 m.p.h. The court is not prepared to hold beyond a reasonable doubt that he was driving at such rate.

The court imposes a fine of $50 and $5 costs, with no revocation of license. An order may be presented.