82 N.J. Super. 179 (1963)
197 A.2d 35
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
SIDNEY W. BOOKBINDER, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued September 9, 1963.
Decided October 10, 1963.
As Modified January 16, 1964.
*180 Before Judges GOLDMANN, KILKENNY and COLLESTER.
Mr. Victor Friedman argued the cause for appellant (Messrs. Bookbinder, Peskin & Markowitz, attorneys).
Mr. Paul G. Levy, Deputy Attorney General, argued the cause for respondent (Mr. Arthur J. Sills, Attorney General, attorney).
The opinion of the court was delivered by COLLESTER, J.A.D.
The defendant appeals from a judgment of the County Court finding him guilty of speeding on May 9, 1962 on the New Jersey Turnpike in violation of N.J.S.A. 27:23-29 (more specifically section 2 of the regulations *181 relating to control of traffic on the New Jersey Turnpike, adopted by the Turnpike Authority pursuant to the statutes) and imposing a fine of $50 plus $5 costs. The adjudication was the result of a trial de novo on defendant's appeal from a conviction in the Municipal Court of the Borough of Carteret.
The original complaint charged that the defendant unlawfully operated his motor vehicle at a speed of 70 m.p.h. in a 60 m.p.h. zone.
The County Court judge filed a written opinion which is reported in 76 N.J. Super. 443. He stated therein that he found the defendant guilty beyond a reasonable doubt of having driven his automobile in excess of the permitted limit on the Turnpike, viz., 60 m.p.h.
In his determination of the penalty to be imposed, including the question of revocation of the defendant's driver's license, the court made a factual finding by the preponderance of the evidence that the defendant was operating his vehicle at the rate of 70 m.p.h. He imposed the maximum fine provided for by the statute (N.J.S.A. 27:23-32 and 39:4-203) but did not revoke defendant's driver's license.
The court stated that, notwithstanding the fact that the essence of the charge was speeding in excess of the speed limit, he made such a factual finding of the exact speed defendant was driving in order that the Director of the Division of Motor Vehicles might have the background necessary to decide whether or not an administrative proceeding provided for under N.J.S.A. 39:5-30 should be held.
The defendant contends that the exact speed of one accused of violating the statute is an essential element of the offense charged and must be proved by the State beyond a reasonable doubt. He asserts that since the trial court found that defendant was operating his automobile at a speed of 70 m.p.h. by only a preponderance of the evidence, the conviction should be set aside.
It is well established that the prosecution of a defendant for a motor vehicle violation is a quasi-criminal proceeding. State v. Rowe, 116 N.J.L. 48, 51 (Sup. Ct. 1935), *182 affirmed 122 N.J.L. 466 (E. & A. 1939); State v. Emery, 27 N.J. 348 (1958); State v. Francis, 67 N.J. Super. 377 (App. Div. 1961). In such a proceeding the burden of proof is upon the State to establish all elements of the offense beyond a reasonable doubt. State v. Cestone, 38 N.J. Super. 139 (App. Div. 1955); State v. Matchok, 14 N.J. Super. 359 (App. Div. 1951); State v. Miller, 58 N.J. Super. 538 (Cty Ct. 1959).
We do not agree with the defendant's argument that a finding of the exact speed at which the motor vehicle was driven is an essential element of the offense charged. In State v. Dantonio, 18 N.J. 570, 581 (1955), the Supreme Court held it is not essential that the court determine the precise speed at which the vehicle was being operated when the alleged offense occurred, and that the operator of the vehicle must be adjudged guilty if the evidence established, beyond a reasonable doubt, that the driver exceeded the statutory speed limit.
In this appeal, defendant does not allege any error in the County Court's finding him guilty beyond a reasonable doubt of speeding on the New Jersey Turnpike. Nor could he justifiably do so since he frankly admitted at the trial that he was operating his automobile at a rate of speed in excess of the 60 m.p.h. limit then and there applicable. So, too, defendant does not question the penalty imposed for his admitted violation of the law. The $50 fine was authorized by N.J.S.A. 39:4-203 and the imposition thereof was within the sound discretion of the trial judge. Defendant makes no claim of any abuse of discretion. The County Court did not suspend defendant's driving privileges, evidently being motivated by the fact that the proofs did not establish beyond a reasonable doubt that defendant was travelling at 70 m.p.h., as charged in the original complaint. Therefore, defendant has not been aggrieved in that regard.
However, the nub of defendant's claim of error is that the County Court's finding by a mere preponderance of the evidence that he operated his automobile at 70 m.p.h. amounted *183 to a "conviction" of speeding at that rate of speed and subjected him to an automatic suspension of his driving privileges by the Director of the Division of Motor Vehicles, even though the County Court itself imposed no such additional penalty. In brief, he argues that a conviction that specifies that the defendant was speeding at 70 m.p.h. requires proof thereof beyond a reasonable doubt because of the additional penalty which it, at least indirectly, induces.
We deem it necessary to clarify the County Court's opinion which has been published, as noted above, lest it might lead to future misunderstanding.
In the trial of a speeding complaint, a defendant may be found guilty upon the trial court's determination beyond a reasonable doubt that defendant exceeded the legal speed limit. It is not necessary to make a particular finding as to the precise speed in excess of the speed limit at which defendant was travelling at the time of the violation. Since a finding of the specific excess of speed is not essential to a determination of guilt, the trial court need not express its conviction of defendant in terms of a particular miles per hour speed. It suffices to state the determination of guilt generally  that the defendant exceeded the stated legal speed limit.
In exercising its discretion as to the penalty to be imposed within the statutory limitation, the trial court need not specify its reasons therefor, or that it finds beyond a reasonable doubt, or by a preponderance of evidence only, that the quantum of excess was so many miles per hour. As in the case of a County Court sentencing a defendant convicted of crime, there are many factors, including confidential reports by probation officers outside the trial record, which may influence the judicial discretion. These need not be disclosed as a basis for the sentence imposed. In the utilization of these factors in resolving judicial discretion, we do not reach the question as to whether their existence must be established by any particular quantum of proof.
*184 Where a criminal or quasi-criminal penalty imposed by a court depends statutorily upon the finding of a particular fact, proof of that fact must be established beyond a reasonable doubt. Thus, to convict a person of a second offense of drunken driving, which conviction makes operative certain penalties, N.J.S.A. 39:4-50, it is essential that there be proof beyond a reasonable doubt not only of the present charge of drunken driving, but also of the prior offense. But, in the present case, no penalty imposed by the County Court herein was made to depend upon a finding of the quantum of excess in speed at which defendant operated his vehicle.
The County Court's finding that there was not proof beyond a reasonable doubt, but only by a preponderance of the evidence, that defendant drove his automobile at 70 m.p.h., did not amount to a conviction of driving at that rate, as defendant claims. What he was convicted of  and this on a finding of guilty beyond a reasonable doubt  was driving in excess of the permitted limit of 60 m.p.h. on the Turnpike. He was not aggrieved in the County Court, for he lost none of his driving privileges there. We are not called upon herein to determine the legal effect of such administrative action as the Director of Motor Vehicles will take in light of defendant's conviction.
Finding no prejudicial error, the judgment of conviction of speeding is affirmed.